UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTHONY CORDELL HUBBARD, | ) | CASE NO. 1:08 CV 2882 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF CLEVELAND HOUSE | ) | AND ORDER |
| OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

On December 9, 2008, pro se plaintiff Anthony Cordell Hubbard filed this action

under 42 U.S.C. § 1983 against the City of Cleveland House of Corrections.  In the complaint,

plaintiff alleges he did not receive proper treatment for his medical condition while incarcerated at

the House of Corrections.  He seeks monetary damages.

**Background**

Mr. Hubbard states that he has been diagnosed with a spinal deterioration disorder.

He claims he was being treated for this condition with pain medications and a brace prior to his

arrival at the Cleveland House of Corrections on December 22, 2007.  He explained his condition

and medications to the medical personnel at the jail.  He contends they would not permit him to have

either his brace or continue with his medications.  Sometime thereafter, he was taken to South Point

Hospital because he was in severe pain.  The emergency room physician contacted Mr. Hubbard's

private physician and issued three prescriptions.  The physicians at the House of Correction refused

to fill them.  Mr. Hubbard asserts that he would like "rightful compensation."  (Compl. at 5.)

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S.

364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams,

490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of

Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed

pursuant to §1915(e).

As an initial matter, the defendant in this action is the Cleveland House of Correction.

The jail is not sui juris and therefore cannot sue or be sued.  See Nieves v. City of Cleveland, 153

Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug. 24, 2005); Jones v. Ptl. D. Marcum, No. C-3-00-

335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); Williams v. Dayton Police Dept., 680 F. Supp.

1075 (S.D. Ohio 1987).  See also Messer v. Rohrer, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D.

Ohio Mar. 31, 1997).  It is merely a sub-unit of the City of Cleveland, the municipality which

operates the facility.  Id.  Plaintiff's claims are therefore construed as asserted against the City of

Cleveland.

---

[1]      An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

As a rule, however, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999).  Mr. Hubbard alleges that medical personnel refused to fill prescriptions for pain medication or permit him to wear his back brace.  The complaint contains no suggestion of a custom or policy of the City of Cleveland which may have resulted in the deprivation of a federally protected right of the plaintiff.

## Conclusion

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Dated: February 10, 2009                    s/      James S. Gwin
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[2]      28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.